# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1381V

|  |  |
|---|---|
| PATRICIA VALLEE, administrator of ESTATE OF EDWARD VALLEE, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: March 26, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Jennifer A. Shah, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 13, 2020, Edward Vallee[2] filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[3] (the "Vaccine Act"). Petitioner alleged that Mr. Vallee suffered from Guillain Barré syndrome caused by an influenza vaccine administered on November 2, 2018. Petition at 1. On July

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] After Mr. Vallee passed away from causes unrelated to his vaccine injury, Patricia Vallee (as administrator of Edward Vallee's estate) was substituted in as Petitioner on December 6, 2021. ECF No. 46.

[3] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

27, 2023, I issued a decision awarding damages to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF No. 68.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $57,200.21 (representing $52,255.60 for fees and $4,944.61 for costs). Application for Attorneys' Fees, filed Jan. 17, 2024, ECF No. 75. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred $3,546.36 in out-of-pocket expenses. ECF No. 76.

Respondent reacted to the motion on January 31, 2024, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 77. Petitioner filed no reply.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees

2

and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2023 are reasonable and consistent with prior determinations, and will therefore be adopted. Petitioner has also requested the same 2023 attorney rate of $500 per hour for work performed by Ronald Homer in 2024. ECF No. 75 at 32. Additionally, Petitioner requests an hourly rate of $185 for paralegal work. *Id.* I find these hourly rates to be reasonable.

Regarding the time billed, I note this case required additional briefing and argument regarding damages. *See* Petitioner's Memorandum in Support of Damages, filed June 10, 2022, ECF No. 60; Petitioner's Reply to Respondent's Response to Petitioner's Brief in Support of Damages, filed Sept. 6, 2022, ECF No. 64; Minute Entry, dated July 26, 2023 (for July 14, 2023 expedited hearing). Petitioner's counsel expended approximately 7.1 hours drafting the brief and 4.1 hours drafting the reply, for a combined total of 11.2 hours. ECF No. 75 at 28-29. I find this amount of time to be reasonable and will award the attorney's fees requested.

However, a small amount must be reduced for attorney time billed for the review of status reports, the PAR Questionnaire, and other cursory documents prepared by another attorney. ECF No. 75 at 15, 19, 21-22, 25-27, 29, 31-32 (entries dated 11/25/20, 12/18/20, 7/19/21, 8/18/21, 10/12/21, 12/2/21, 2/24/22, 4/11/22, 5/11/22, 11/7/22, 8/3/23, 11/13/23). I note that it is common practice for Conway, Homer, P.C. to have several attorneys assist over the course of a case. In some instances, such as when preparing substantive documents like the petition, briefs, and settlement demands, it is reasonable to have another set of eyes review that document. *See* ECF No. 75 at 12, 23, 28-29 (entries dated 10/13/20, 12/6/21, 6/9/22, 9/6/22). However, it is not reasonable to have an attorney bill for time to review routine filings, such as status reports and motions for enlargement of time, when those filings were prepared (and billed for) by another attorney. This is not the first time I or other special masters have noted this particular issue concerning Conway, Homer, P.C. billing practices. *See, e.g., Manetta v. Sec'y of Health & Hum. Servs.*, No. 18-172V, 2020 WL 7392813, at *2 (Fed. Cl. Spec. Mstr. Nov 19, 2020); *Lyons v. Sec'y of Health & Hum. Servs.*, No. 18-414V, 2020 WL 6578229 (Fed.

Cl. Spec. Mstr. Oct. 2, 2020). I will not award attorney's fees for this redundant work. This results in a **reduction of $551.00.**

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs for all but expenses of $15.00 for copying and $26.87 for postage. ECF No. 75 at 32-33, 35-52 (receipts for attorney's costs), 53-64 (receipts for Petitioner's costs). I will nevertheless allow reimbursement of these unsubstantiated costs. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 77.

Petitioner's out-of-pocket costs include $3,530.00 in legal fees for the establishment of Edward Vallee's estate and appointment of Patricia Vallee as administrator. ECF No. 75 at 57-64. "Special masters generally award the reasonable costs of establishing an estate and appointing a representative," but not costs which are excessive or related to the administration of the estate. *Fulling v. Sec'y of Health & Hum. Servs.,* No. 18-1549V, 2022 WL 3023505, at *3 (Fed. Cl. Spec. Mstr. July 11, 2022); *accord. Durand v. Sec'y of Health & Hum. Servs.,* No. 15-1153V, 2020 WL 639372, at *6-7 (Fed. Cl. Spec. Mstr. Jan. 16, 2020). These costs were reasonable, and I will award the full amount requested.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $60,195.57[4] as follows:**

- **A lump sum of 56,649.21, representing reimbursement in the amount of $51,704.60 for attorney's fees and in the amount of $4,944.61 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel,  Ronald Craig Homer; and**

---

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of <u>$3,546.36</u>, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.